**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
Jon M. Egan, PC
547 Fifth Street
Lake Oswego, OR 97034-3009
Telephone: (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CAROL FERGUSON** and **LYNDA FREEMAN**, on behalf of themselves and, in addition, on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> **MARIA SMITH**, an individual; **ALL STAR AUTO GROUP, INC.**, a Delaware corporation; the **SMITH AUTO GROUP**, an unregistered conglomeration of entities owned by Maria Smith; **GLADSTONE AUTO, LLC**, an Oregon limited liability company; and **CARROS, INC.**, an Oregon corporation; <br><br> Defendants. | Case No. <br><br> CLASS AND COLLECTIVE ACTION COMPLAINT <br><br> Demand for Jury Trial |

**COMPLAINT—INDIVIDUAL AND CLASS AND COLLECTIVE ACTION**

Plaintiffs Carol Ferguson and Lynda Freeman (hereinafter "plaintiffs"), suing both in their capacities as individuals and, in addition, in a class and collective action capacity on behalf of others similarly situated, complain as follows against Maria Smith and the various automobile dealership companies owned and/or operated by her directly and through her various corporate shell entities and registered and unregistered business

names, including but not limited to All Star Auto Group, Inc., Smith Auto Group, Gladstone Auto, LLC, and Carros, Inc. (collectively, "SMITH AUTO").

## PRELIMINARY STATEMENT

1.

This is an individual and class and collective action under state and federal laws for certain present and former employees of SMITH AUTO to recover unpaid minimum wages, overtime wages, liquidated damages, statutory penalties, and prejudgment interest. Plaintiffs requested the production of their and the class and collective's time and pay records from SMITH AUTO before this litigation, but SMITH AUTO refused to produce anything other than the named plaintiffs' records. All allegations herein are therefore made to the best of plaintiffs' and their counsel's good-faith knowledge, information and belief, based upon the evidence available to them prior to litigation, before the parties have had the chance to conduct full discovery, and plaintiffs reserve the right to amend the allegations following completion of discovery.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over the subject matter of this complaint pursuant to 29 U.S.C. § 216 (Fair Labor Standards Act ("FLSA")), 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Actions arising under acts of Congress relating to commerce), and 28 U.S.C. § 1367 (Supplemental Jurisdiction).

3.

Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because plaintiffs and the class members (and many of the collective members) were employed by SMITH AUTO in this district, and some of the acts and omissions that are the subject

of this suit transpired in this district; it is also asserted on information and belief that defendant Maria Smith is a citizen and resident of Oregon.

## PARTIES

4.

At all material times, plaintiffs and the class members (and many of the collective members) were residents and citizens of the State of Oregon. At all material times, plaintiffs and the class and collective members were employees of SMITH AUTO.

5.

Defendant Maria Smith owns and operates various automobile dealership companies, both directly and through various shell companies and corporations and registered and unregistered business names. These include but are not limited to All Star Auto Group, Inc., Smith Auto Group, Gladstone Auto, LLC, and Carros, Inc. These defendants, with Ms. Smith, were and are joint employers of plaintiffs and the collective members. The Oregon constituents of SMITH AUTO (including Ms. Smith and Gladstone Auto, LLC and Carros, Inc.) were and are joint employers of plaintiffs and the class members. They operate under a common marketing platform located at www.seedrivesmile.com, which lists its copyright as "©2018 Smith Auto Group" (a business name that is unregistered in Oregon or any other location that plaintiffs could locate). Ms. Smith's companies listed on www.seedrivesmile.com include Toyota of Lake City (a Seattle-area dealership whose name is not registered with the Washington Secretary of State), Chevrolet of Bellevue (the unregistered business name of Chevrolet, Buick, GMC of Bellevue, Inc.), Cadillac of Bellevue (the unregistered business name of either Cadillac of Bellevue, Inc., Chevrolet Cadillac of Bellevue, Inc., and/or Chevrolet, Buick, GMC of Bellevue, Inc., all of which are owned by Ms. Smith), Buick GMC of

Kirkland (a Kirkland-area dealership whose name is not registered with the Washington Secretary of State), Toyota of Gladstone (the Oregon assumed business name of Gladstone Auto, LLC) and Mazda of Gladstone (the Oregon assumed business name of Carros, Inc.). It is known, for example, that the Oregon companies Gladstone Auto, LLC and Carros, Inc. share common management, general management, bookkeepers, employees, business locations, storage, business supplies, payroll, billing, reception services, and many other aspects of operations. The current employee handbook for the Oregon companies is contained on a 43-page PDF file entitled "Employee Manual 2017.pdf," its title page reads "All Star Dealerships Employee Handbook 2017," and it references common policies for both Oregon and Washington dealerships and an intent that those common policies comply with "the Family and Medical Leave Act (FMLA), Oregon Family and Medical Leave, and the Washington Family Leave Act (WFLA)," as well as indicating in another section that its common policies were intended to comply with all other applicable laws, "including those of the State of Oregon, the State of Washington, the City of Seattle, and the laws of any other jurisdiction where the Dealership is located."

## FACTS

6.

Defendants frequently failed to pay plaintiffs and the class and collective members anything on payday.

## COLLECTIVE ALLEGATIONS

7.

SMITH AUTO engaged in acts and practices that violated the Collective members' rights under the FLSA. In addition to bringing this action individually on behalf of

themselves, therefore, plaintiffs also bring this action on behalf of all current and former employees who are similarly situated. Plaintiffs allege that as a result of the nonpayments indicated herein, they and each of the other members of the Collective received less than the applicable federal minimum wage, when those wages were due, for at least one workweek while in SMITH AUTO employ, in violation of § 6 of the FLSA (29 U.S.C. § 206). Obviously, for any employee who worked in excess of 40 hours in a given workweek, the same nonpayments will also result in an overtime violation under § 7 of the FLSA (29 U.S.C. § 207). Plaintiff and the other Collective members are similarly situated in all relevant respects.

## CLASS ALLEGATIONS

8.

Throughout the statutory limitations period(s), SMITH AUTO engaged in acts and practices that violated the Oregon class members' rights. This action is brought on behalf of all current or former employees of SMITH AUTO who were employed in Oregon on or after February 16, 2015.

## NUMEROSITY

9.

On information and belief, the class is so numerous that joinder of all members is impractical, consisting of an estimated 100 or more employees.

## COMMONALITY

10.

There are questions of law and fact common to the class, which predominate over any issues involving only individual class members. The principal questions are:

    a.  Whether SMITH AUTO failed to pay the class members anything on payday.

b. What remedies are available for the alleged violations.

## TYPICALITY

11.

Plaintiffs' claims are typical of those of the other class members because:

a. Plaintiffs are members of the class.

b. Plaintiffs' claims stem from the same practice or course of conduct that forms the basis for the class claims.

c. All of the class members' claims are based on the same facts and legal theories.

d. There is no antagonism between the interests of Plaintiffs and the class members, because their claims are for damages provided to each class member by statute.

e. The injuries that Plaintiffs suffered are similar to the injuries that the class members suffered, and they are relatively small compared to the expense and burden of individual prosecutions of this litigation.

f. The prosecution of separate actions by the class members could either result in inconsistent adjudications establishing incompatible pay practices or, as a practical matter, dispose of the legal claims of class members who are not parties to such separate adjudications.

## ADEQUACY OF REPRESENTATION BY PLAINTIFFS

12.

Plaintiffs will fairly and adequately protect the interests of the class because:

a. There is no conflict between Plaintiffs' claims and those of the other class members.

b. Plaintiffs have retained counsel experienced in handling class and collective

actions involving wage and hour law, who will vigorously prosecute this litigation.

c. Plaintiffs' claims are typical of the claims of class members in that their claims stem from the same practice and course of conduct that forms the basis of the class claims.

## FIRST CLAIM FOR RELIEF

(FLSA Minimum Wage Claim)

13.

All previous paragraphs are incorporated by reference herein.

14.

Pursuant to 29 U.S.C. § 206, SMITH AUTO was required to pay plaintiffs and the collective members at least the amount of the federal minimum wage, when those wages were due, but willfully failed to do so.

15.

Plaintiffs and collective members are entitled to collect the difference between their wages received when due and the federal minimum wages due in an amount to be proven at trial, in addition to liquidated damages in the same amount, together with attorney fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

(FLSA Overtime Claim)

16.

All previous paragraphs are incorporated by reference herein.

17.

Pursuant to 29 U.S.C. § 207, SMITH AUTO was required to pay Plaintiffs and the collective members at least one and one half times their regular rate of pay for all hours worked in excess of 40 in a given workweek, when those wages were due, but willfully failed to do so.

18.

Plaintiffs and the collective members are entitled to collect the difference between their wages received when due and the overtime wages due, in an amount to be proven at trial, in addition to liquidated damages in the same amount, together with attorney fees, costs and nontaxable expenses, pursuant to 29 U.S.C. § 216(b).

### THIRD CLAIM FOR RELIEF

Oregon Minimum Wage

19.

All previous paragraphs are incorporated by reference herein.

20.

Pursuant to ORS 653.025, SMITH AUTO was required to pay plaintiffs and the other class members at least the amount of the applicable Oregon minimum wage, when those wages were due, but willfully failed to do so.

21.

Plaintiffs and the other class members are entitled to collect the difference between the wages received when due and the Oregon minimum wages due in an amount to be proven at trial, together with attorney fees and costs, as well as pre- and post-judgment interest and the 30 days of statutory penalty wages provided by ORS 653.055 and 652.150.

### FOURTH CLAIM FOR RELIEF

Oregon Overtime Claim

22.

All previous paragraphs are incorporated by reference herein.

23.

Pursuant to ORS 653.261 and its implementing regulations, SMITH AUTO was required to pay plaintiffs and the other class members one and one half times their regular rate of pay for all hours worked in excess of 40 in a given workweek, when those wages were due, but willfully failed to do so.

24.

Plaintiffs and the other class members are entitled to collect the difference between the wages received when due and the overtime wages due in an amount to be proven at trial, together with attorney fees, costs and disbursements, as well as pre- and post-judgment interest and the 30 days of statutory penalty wages provided by ORS 653.055 and 652.150.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs request that the Court award such damages as set forth above and in amounts to be proven at trial; award attorney fees, costs and expenses; and order such further or alternative relief as the Court deems appropriate.

DATED this 1st day of March, 2018

JON M. EGAN, P.C.

*s/ Jon M. Egan*

_____
JON M. EGAN, OSB # 002467
Attorney for Plaintiffs