IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CAROL FERGUSON** and **LYNDA FREEMAN**, on behalf of themselves and, in addition, on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**MARIA SMITH**, an individual; **GLADSTONE AUTO, LLC**, an Oregon limited liability company; and **CARROS, INC.**, an Oregon corporation,<br><br>Defendants. | Case No. 3:18-cv-372-SB<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie F. Beckerman issued Findings and

Recommendation in this case on August 12, 2020. ECF 93. Judge Beckerman recommended that

the Court grant Plaintiffs' motion to certify a class action under Rule 23 of the Rules of Civil

Procedure and preliminarily certify a collective action under the Fair Labor Standards Act

(FLSA).

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Defendants timely filed objections (ECF 97), to which Plaintiffs' responded. ECF 98. Defendants raise three objections. The first is a new argument that was not raised before Judge Beckerman. Defendants argue that there is no private right of action under Oregon Revised Statutes (ORS) § 652.120, and thus no Rule 23 class action based on an Oregon wage claim can be certified. The Magistrate's Act permits the Court to "receive further evidence" at its discretion. 28 U.S.C. § 636(b)(1). In other words, when reviewing *de novo* a magistrate judge's findings and recommendation, the Court "has discretion, but is not required," to consider new

evidence or arguments. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). Defendants

offer no reason why this argument was not raised before Judge Beckerman. The Court declines

to exercise its discretion to consider this newly-raised argument.

Defendants' second objection is that Oregon law definitively forecloses any claim that a

late regular paycheck constitutes a minimum wage violation. Defendants argue that because

Plaintiffs' state law claim is based on this theory, certification under Rule 23 must be denied

even before the Court reaches a merits analysis. Defendants cite *Rother v. Lupenko*, 515 F.

App'x 672 (9th Cir. 2013), *North Marion School District No. 15 v. Acstar Insurance Co.*, 343

Or. 305 (2007), and *Hurger v. Hyatt Lake Resort, Inc.*, 170 Or. App. 320 (2000).

This argument was not well presented to Judge Beckerman in Defendants' response to

Plaintiffs' motion for certification. Defendants merely stated, in a footnote:

> Presumably, plaintiffs' motion for class certification under Rule 23
> relates only to their claims for minimum wage and overtime
> violations under Oregon law. (See Dkt. # 20 ¶¶ 19-24.) As
> explained in defendants' motion for summary judgment, Oregon
> law does not recognize the type of "late" payment claim plaintiffs
> bring here. *See Rother v. Lupenko*, 515 F. App'x 672, 675-76 (9th
> Cir. 2013) ("[V]iolations of the timely payment requirement . . .
> are not minimum wage violations under Oregon law.").

ECF 77 at 15 n.4. Judge Beckerman did not reach this argument in her Findings and

Recommendation. She noted at oral argument it related to the merits of Plaintiffs' state law claim

and that the parties had agreed to address Defendants' motion for summary judgment after

certification.

As observed by Judge Beckerman, this argument relates to the merits of Plaintiffs' state

law claim. As acknowledged by Defendants, it is being litigated in Defendants' motion for

summary judgment. Rule 23 "grants courts no license to engage in free-ranging merits inquiries

at the certification stage." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 466

(2013). "Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.*

The Court disagrees with Defendants that Oregon law so clearly forecloses Plaintiffs' state law claim that the Court must deny certification. It is an open question under Oregon law and appropriate for resolution on the merits, not at certification. The three cases cited by Defendants do not hold otherwise. *Rother* is an unpublished decision that is not appropriate precedential authority.

"*Hurger* clearly limited its holding to the situation where the employee's minimum wage claim is premised *solely* on a violation of ORS 652.140 (requiring payment of wages within one business day from termination) and left open [other situations.]" *Pascoe v. Mentor Graphics Corp.*, 199 F. Supp. 2d 1034, 1063 (D. Or. 2001) (emphasis in original); *see also Hurger*, 170 Or. App. at 327 (stating that the "question in this case" is "whether a violation of ORS 652.140, in and of itself, necessarily gives rise to a violation of the minimum wage laws"). Further, the court in *Hurger* was particularly focused on the fact that the alleged improper conduct at issue in that case, failure to timely pay termination wages, is "enforceable by a penalty that is independent of [the minimum wage] provisions." *Hurger*, 170 Or. App. at 326. The Oregon Court of Appeals was concerned that the "minimum wage component is automatically subsumed within the wage rate on which the penalty under ORS 652.150 is computed for the violation of ORS 652.140 itself" and that to impose a separate and additional minimum wage penalty "would constitute a second penalty based on an amount that has already been included in the penalty that the employee has recovered for the untimeliness of the final payment under ORS 652.140." *Id.* Such concerns are not present under the circumstances alleged by Plaintiffs. Thus, *Hurger* is distinguishable.

*Acstar* also involved only alleged late payment of wages after final termination, and it

further involved a public works contract and the statutes relating to those contracts, not general

wage claims. *See, e.g.*, *Acstar*, 343 Or. at 323-24 (stating that "termination wages . . . are the

only wages involved in this case" and that because of the nature of the claims, the Davis-Bacon

Act, not the FLSA was the more analogous federal law). Indeed, the Oregon Supreme Court

expressly stated:

> [T]he interplay between the statute guaranteeing a regular payday
> (ORS 652.120) and the state minimum wage laws (ORS 653.025
> and ORS 653.055) strays particularly far from the legal issue that
> this case presents. None of those statutes is involved in this case.
> The interplay—if any—between them has not been examined or
> decided by this court, and any discussion of them would be and is
> *dictum*.

*Id.* at 325 n.21. Accordingly, *Acstar* does not support Defendants' argument that the Oregon

courts have definitively spoken on whether late payment of regular paychecks can be a minimum

wage violation so as to preclude certification. Indeed, the Oregon Supreme Court in *Acstar*

expressly acknowledged that it had not yet examined or decided the issue.

Defendants' final objection is that the Court cannot certify the proposed Rule 23 class

and FLSA collective because there are too many exempt employees in both. Defendants assert

that Plaintiffs' proposed class and collective include commissioned salespersons, mechanics,

technicians, and parts employees, all of whom are exempt from Plaintiffs' overtime pay claim.

Defendants also argue that the proposed class and collective include salaried management

employees, who are exempt from the overtime and minimum wage claims. Thus, Defendants

argue, the collective members are not "similarly situated" and the class members fail to meet the

typicality and commonality requirements.

For the FLSA collective, as discussed by Judge Beckerman, Defendants' argument fails

at the lenient "step one" phase. *See, e.g.*, *Hazelbaker v. Metro. Prop. & Cas. Ins. Co.*, 2013

WL 12159450, at *2 (D. Ariz. Aug. 30, 2013) ("Moreover, arguments regarding exemptions,

while they may have merit, are not of the kind considered at the 'notice stage' of a collective-

action proceeding. The exemption question is for another day." (collecting cases)). Indeed, this

issue has even been found not to be appropriate at the more stringent "step two" phase. *See, e.g.*,

*Sandoval v. M1 Auto Collisions Centers*, 2016 WL 6561580, at *7 (N.D. Cal. Sept. 23, 2016)

(noting that argument for decertification because employees were exempt under retail

commission exception "goes to the merits of Plaintiffs' FLSA claims . . . not decertification").

Defendants' objection is rejected.

For the Rule 23 class, Defendants argue in their objection that commonality and

typicality are not met because of the purportedly exempt employees. Defendants did not raise the

argument relating to typicality before Judge Beckerman and, therefore, that argument is waived.

Regarding commonality, the Court has considered Defendants' objections and adopts that

portion of the Findings and Recommendation.

There are portions of the Findings and Recommendation to which no party has objected.

The Court follows the recommendation of the Advisory Committee and reviews those portions

for clear error on the face of the record. No such error is apparent. Thus, the Court adopts those

portions of the Findings and Recommendation.

The Court ADOPTS Judge Beckerman's Findings and Recommendation. ECF  93. The

Court GRANTS Plaintiff's Motion to Preliminarily Certify FLSA Collective Action and Certify

Rule 23(b)(3) Class Action (ECF 49). The Court hereby Orders:

> 1.    Pursuant to the FLSA, the Court makes the preliminary finding that all employees
>
>        of Gladstone Auto, LLC and Carros, Inc. who received a paycheck on or after

March 1, 2015 are similarly situated. The Court conditionally certifies this action as a representative collective action under 29 U.S.C. § 216(b).

2.    Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court finds that claims in this action are hereby certified as a class action on behalf of all employees of Gladstone Auto, LLC and Carros, Inc. who received a paycheck on or after March 1, 2012.

3.    The Court finds that, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure: (a) the number of class members is so numerous that joinder of all members of the class is impracticable; (b) there are questions of law and fact common to the class; (c) the claims of Plaintiffs are typical of the claims of the class they seek to represent; (d) Plaintiffs will fairly and adequately represent the interests of the class; (e) the questions of law and fact common to the class predominate over any questions affecting only individual members of the class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.    The Court appoints Jon M. Egan, P.C. as counsel for the class and the collective.

5.    The Court certifies Plaintiffs Carol Ferguson and Lynda Freeman as class representatives on behalf of the class.

6.    The Court appoints Epiq Services/Hilsoft Notifications as class and collective administrators.

7.    Defendants shall produce the names, last known addresses, telephone numbers, and email addresses for all putative class and collective members within fourteen (14) days of this Order.

The Court defers to Judge Beckerman to set a schedule for Plaintiffs' counsel to submit a proposed notice, plan and timetable, and budget consistent with the requirements of Rule 23(c)(2)(B).

**IT IS SO ORDERED.**

DATED this 16th day of October, 2020.

_/s/ Michael H. Simon_
Michael H. Simon
United States District Judge