IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CAROL FERGUSON** and **LYNDA FREEMAN**, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**MARIA SMITH**, an individual; **GLADSTONE AUTO, LLC**, an Oregon limited liability company; and **CARROS INC.**, an Oregon corporation,<br><br>Defendants. | Case No. 3:18-cv-372-SB<br><br>**OPINION AND ORDER** |

Jon M. Egan, JON M. EGAN, P.C., 547 Fifth Street, Lake Oswego, OR 97034. Of Attorney for Plaintiffs.

Douglas S. Parker and Bryce W. Hanks, LITTLER MEDELSON, P.C., 1300 SW Fifth Avenue, Wells Fargo Tower, Suite 2050, Portland, OR 97201; Robert J. Bekken, BEKKEN LAW GROUP, 668 N. Coast Hwy, Suite 514, Laguna Beach, CA 92651. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on May 21, 2021. Judge Beckerman recommends that the Court deny Defendants' Motion for Leave to File Amended Answer and Affirmative Defenses, grant in

part and deny in part Defendants' Motion for Summary Judgment, grant in part and deny in part Plaintiffs' Cross-Motions for Summary Judgment, and deny Defendants' Motion to Amend Class Definition. After Judge Beckerman issued her Findings and Recommendation, Plaintiffs filed an Alternative Motion to Certify Question to Oregon Supreme Court. Judge Beckerman referred resolution of that motion to the Court. For the following reasons, the Court adopts Judge Beckerman's Findings and Recommendation and denies Plaintiffs' motion to certify a question to the Oregon Supreme Court.

## STANDARDS

### A. Certified Question to the Oregon Supreme Court

The Oregon Supreme Court may answer a certified question of law from a United States District Court if the question "may be determinative of the cause pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court and the intermediate appellate courts of this state." Or. Rev. Stat. (ORS) § 28.200. The Oregon Supreme Court requires that each certified question meet the following criteria:

> (1) The certification must come from a designated court; (2) the question must be one of law; (3) the applicable law must be Oregon law; (4) the question must be one that "may be determinative of the cause;" and (5) it must appear to the certifying court that there is no controlling precedent in the decisions of this court or the Oregon Court of Appeals.

*W. Helicopter Servs., Inc. v. Rogerson Aircraft Corp.*, 311 Or. 361, 364 (1991) (quoting ORS § 28.200). Even if the question meets these five criteria, the decision to certify a question to a state supreme court "rests in the 'sound discretion' of the district court." *Freyd v. Univ. of Oregon*, 990 F.3d 1211, 1223 (9th Cir. 2021) (quoting *In re Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir. 1984)). When a district court faces an unclear question of state law,

part and deny in part Defendants' Motion for Summary Judgment, grant in part and deny in part Plaintiffs' Cross-Motions for Summary Judgment, and deny Defendants' Motion to Amend Class Definition. After Judge Beckerman issued her Findings and Recommendation, Plaintiffs filed an Alternative Motion to Certify Question to Oregon Supreme Court. Judge Beckerman referred resolution of that motion to the Court. For the following reasons, the Court adopts Judge Beckerman's Findings and Recommendation and denies Plaintiffs' motion to certify a question to the Oregon Supreme Court.

## STANDARDS

### A. Certified Question to the Oregon Supreme Court

The Oregon Supreme Court may answer a certified question of law from a United States District Court if the question "may be determinative of the cause pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court and the intermediate appellate courts of this state." Or. Rev. Stat. (ORS) § 28.200. The Oregon Supreme Court requires that each certified question meet the following criteria:

> (1) The certification must come from a designated court; (2) the question must be one of law; (3) the applicable law must be Oregon law; (4) the question must be one that "may be determinative of the cause;" and (5) it must appear to the certifying court that there is no controlling precedent in the decisions of this court or the Oregon Court of Appeals.

*W. Helicopter Servs., Inc. v. Rogerson Aircraft Corp.*, 311 Or. 361, 364 (1991) (quoting ORS § 28.200). Even if the question meets these five criteria, the decision to certify a question to a state supreme court "rests in the 'sound discretion' of the district court." *Freyd v. Univ. of Oregon*, 990 F.3d 1211, 1223 (9th Cir. 2021) (quoting *In re Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir. 1984)). When a district court faces an unclear question of state law,

"resort to the certification process is not obligatory." *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1009 (9th Cir. 2009). Federal courts "regularly decide issues of state law without certifying questions to the state's highest court." *U.S. Bank, N.A., Tr. for Banc of Am. Funding Corp. Mortgage Pass-Through Certificates, Series 2005-F v. White Horse Estates Homeowners Ass'n*, 987 F.3d 858, 867 (9th Cir. 2021).

## B. Review of Findings and Recommendation

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

**DISCUSSION**

Plaintiffs bring federal and state minimum wage law claims for Defendants' occasional one-business-day delay in issuing paychecks when their regular payday fell on a weekend or near a holiday. Plaintiffs do not allege that Defendants paid them at a rate below minimum wage. Rather, Plaintiffs allege that by issuing paychecks one business day after their regular payday, Defendants failed to pay Plaintiffs a minimum wage on payday and therefore violated federal and state minimum wage law. The Ninth Circuit has implied a timeliness requirement in the section of the Fair Labor Standards Act (FLSA) that sets the minimum wage rate, 29 U.S.C. § 206. *Biggs v. Wilson*, 1 F.3d 1537, 1538 (9th Cir. 1993). Oregon courts, however, have not addressed whether Oregon's minimum wage statute also includes an implicit time-of-payment requirement.

Oregon's wage and hour statutes provide obligations on employers, penalties for failure to meet those requirements, and other remedies for aggrieved employees. Relevant here are ORS §§ 652.120, 653.025, and 653.055. Under ORS § 653.025, "no employer shall employ or agree to employ any employee at wages computed at a rate lower than" the minimum wage rates. If an employer does pay an employee below the minimum wage rate, then the employee can recover civil penalties under ORS § 653.055. Also, ORS § 652.120 sets requirements for when an employer must pay its employees.

Plaintiffs object to the portion of Judge Beckerman's Findings and Recommendation that concludes that there is no implied time-of-payment requirement in ORS § 653.055. In the alternative, Plaintiffs move to certify that question to the Oregon Supreme Court. Defendants object to the portion of the Findings and Recommendation that concludes that there are issues of fact that preclude dismissal of Plaintiffs' federal claims at summary judgment.

**A. Certified Question to the Oregon Supreme Court**

Plaintiffs ask the Court to certify the following question to the Oregon Supreme Court:

> Does an employer who pays an employee nothing on the employee's regular payday, but later pays the full minimum wage prior to the employee's termination, "pay" that employee less than the wages to which the employee is entitled under ORS 653.025 (as the term "pay" is used in ORS 653.055(1)), thus entitling the employee to penalty wages under ORS 653.055(1)(b) and ORS 652.150?

As an initial matter, the Court disagrees that this question accurately reflects Plaintiffs' claims. Plaintiffs assert that Defendants occasionally paid Plaintiffs late by one business day when the purported regular payday fell on a weekend or near a holiday. Plaintiffs' proposed question, however, suggests that Defendants withheld payment well after Plaintiffs' regular payday but before termination of employment. A more appropriate question might be whether an employer violates ORS § 653.025 by paying its employees above-minimum wage one business day after the regular payday when the regular payday falls on a weekend or near a holiday and is thus obligated also to pay penalty wages under ORS 653.055(1)(6). Another formulation might be whether ORS § 653.025 includes an implied time-of-payment requirement. Regardless of the specific contours of a proposed certified question, the Court rejects Plaintiffs' argument that the Court should certify a question to the Oregon Supreme Court.

Oregon appellate courts have not yet directly answered whether the Oregon minimum wage law encompasses an implied penalty when wages above minimum wage are paid after the regular payday. For two reasons, the Court concludes that Oregon courts would reject this theory.

First, the specific payday timing requirements in Oregon's wage and hour statutory framework obviates the need for an additional, implied time-of-payment requirement in the section providing penalties for failure to pay the minimum wage rate. In *Biggs*, the Ninth Circuit

PAGE 5 – OPINION AND ORDER

implied a time-of-payment requirement in the minimum wage rate section of the FLSA only after concluding that no other section imposed any requirement for the timing of payment and that to calculate liquidated damages and the statute of limitations, minimum wages must at some point become "unpaid." 1 F.3d at 1539-40. In other words, considering the FLSA as a whole, the Ninth Circuit concluded that Congress must have intended to make wages "due at some point." *Id.* at 1539. Without explicit statutory text, the Ninth Circuit reasoned, the most "logical point" that wages are due is payday. *Id.* at 1540.

Unlike the FLSA, Oregon's minimum wage laws include explicit time-of-payment requirements. Under ORS § 652.120, employers must pay their employees no later than 35 days after each pay period and within three days after receiving notice that an employee did not receive at least five percent of his or her wages on payday, provided that the employer does not dispute the amount. ORS § 652.120(2), (5). If the employer fails to meet these requirements, ORS Chapter 652 provides avenues for an employee to seek recourse, including a private right of action. *See, e.g.*, ORS § 652.125 (authorizing the Commissioner of the Bureau of Labor and Industries (BOLI) to require an employer to post bond to secure future payment of wages if an employer has failed to pay wages within five days after a payday); *Arken v. City of Portland*, 351 Or. 113, 145, *adh'd to on recons. sub nom. Robinson v. Pub. Emps. Retirement Bd.*, 351 Or. 404 (2011) ("The essence of a wage claim [under ORS 652.120(1)] is an assertion that one has not received payment from one's employer of wages due and owing." (quotation marks omitted)); *Loucks v. Beaver Valley's Back Yard Garden Prod.*, 274 Or. App. 732, 736 (2015) (stating that a "person may bring a wage claim under ORS 652.120(1) to collect the unpaid wages").

Plaintiffs argue that because the time-of-payment requirements arise in ORS Chapter 652 and the minimum wage rates arise in ORS Chapter 653, the two statutes cannot be read together.

PAGE 6 – OPINION AND ORDER

That distinction is without a difference. The two chapters refer to one another and in tandem establish requirements for an employee's wages and hours. *See, e.g.*, ORS § 653.055(1)(b) (referring to ORS § 652.150). Considering the time-of-payment requirements and available remedies already included in Oregon's wage and hour statutes, it is unlikely that the Oregon Supreme Court would find a need to imply an additional time-of-payment requirement in ORS § 653.055.

Second, guidance from the Oregon Supreme Court confirms this analysis. In *North Marion School District No. 15 v. Acstar Insurance Co.*, the Oregon Supreme Court declined to imply a time-of-payment requirement in Oregon's prevailing wage rate statute, ORS § 279.350 (now renumbered as ORS § 279C.840).[1] 343 Or. 305, 325 (2007). The Oregon Supreme Court's treatment of the petitioners' arguments in *North Marion* is informative, as Plaintiffs here take a nearly identical position with respect to Oregon's minimum wage laws, ORS §§ 653.025 and 653.055. Petitioners in *North Marion* argued that respondents owed liquidated damages under Oregon's prevailing wage rate statutes by issuing late payment after termination but at an amount that satisfied the prevailing wage rate. *Id.* at 318. The Oregon Supreme Court rejected that argument. *Id.* at 325. The court explained that the statute setting the prevailing wage rate only addresses the *amount* of wages owed and not *when* the contractor must make those payments. *Id.* at 319-20. The Oregon Supreme Court further explained that ORS § 652.120 addresses a contractor's (and employer's) obligation to timely pay its workers. *Id.* The court also noted that the ORS Chapter 652 remedies available to employees at the discretion of BOLI reveal the Oregon Legislature's intention to allow employers some leeway in adhering to regular

---

[1] The Oregon Legislature has since added a requirement that contractors pay prevailing wages according to the timing requirements stated in ORS § 652.120. *See* ORS § 279C.840(1).

PAGE 7 – OPINION AND ORDER

paydays. *Id.* at 324 ("As the statutory scheme stands, the regular payday obligation is not unbending. If, for example, a computer glitch, a fire, an earthquake, a repeat of the 1996 flooding disasters through the Willamette Valley, or other equally sympathetic circumstance causes the employer to issue paychecks after the regular paydate, no penalty or other harsh economic consequence would follow."). The Oregon Supreme Court concluded that implying an additional time-of-payment requirement directly in the prevailing wage rate statute "would nullify the latitude that the legislature built into the statutory scheme." *Id.* Here, this Court does not see a meaningful difference between the prevailing rate statute and the minimum wage statute that would counsel a different result in this case.

Further, the Oregon Supreme Court provided additional guidance on the specific issue raised by Plaintiffs: whether Oregon's minimum wage statute includes an implied time-of-payment requirement similar to the FLSA. The majority opinion in *North Marion* provided this guidance in *dicta*, which Court may consider. *See Homedics, Inc. v. Valley Forge Ins. Co.*, 315 F.3d 1135, 1141 (9th Cir. 2003) ("[W]e are generally bound by the dicta of state courts."); *Henkin v. Northrop Corp.*, 921 F.2d 864, 867 (9th Cir. 1990) ("When a decision turns upon applicable state law, and the state's highest court has not adjudicated the issue, this Court must determine what decision the highest state court would reach if faced with the issue. . . . Dicta from the highest court in the state, while not controlling, is relevant to this inquiry."). The dissent in *North Marion* argued that the court should read an implied time-of-payment requirement into Oregon's prevailing wage rate statute just as the Ninth Circuit did with the FLSA in *Biggs*. *North Marion*, 343 Or. at 335-37 (Walters, J., dissenting). In rejecting that argument, the majority in *North Marion* distinguished between the FLSA's silence on the timing of paydays and ORS Chapter 652. *Id.* at 324-25 ("Federal courts have implied a time-of-payment obligation under

FLSA because Congress left that gap for them to fill. . . . The same is not true of our statutory scheme. . . . This court has no license to imply different or further rights and liabilities where the legislature has fashioned them expressly."). Thus, if faced with whether ORS § 653.055 includes an implied time-of-payment requirement that is separate and distinct from the payday timing requirements and remedies already laid out in ORS Chapter 652, *North Marion* suggests that the Oregon Supreme Court would not find such a requirement.

Considering the statutory text and related guidance from the Oregon Supreme Court, the Court declines to exercise its discretion to certify Plaintiffs' question. *See White v. Celotex Corp.*, 907 F.2d 104, 106 (9th Cir. 1990) (finding that it was "highly unlikely" that the state supreme court would adopt the proposed legal theory and concluding that "[t]he question is not close and so the district court did not err in exercising its discretion to deny certification"); *see also* Wright & Miller, § 4248 ("Where certification is available, it is not a device to be used indiscriminately.").

## B. Findings and Recommendation

### 1. Defendants' Objections

Defendants argue that the Findings and Recommendation erroneously considers Defendants' early payments in finding a genuine issue of fact and fails to address the effect of Defendants' updated employee handbook. To determine whether Defendants violated the FLSA by paying its employees one business day after their regular payday, however, the factfinder must first determine Plaintiffs' regular payday under Defendants' policy. *See Biggs*, 1 F.3d at 1538 (holding that employers violate the FLSA if they fail to pay employees on their "regular payday"). In particular, the factfinder must determine Defendants' payday policy when the regular payday falls on a weekend or holiday. *See Allison v. Dolich*, 148 F. Supp. 3d 1142, 1156

(concluding that the employer did not violate the FLSA by paying employees one business day late when "a holiday delayed the checks by a day under Defendants['] pay period policy").

Judge Beckerman correctly explains that the following evidence reveals a genuine dispute of material fact about Defendants' policy: conflicting testimony about Defendants' advance notice of delayed paydays; Defendants' employee handbook; and Defendants' varying holiday and weekend payday practices. Judge Beckerman considered Defendants' early payment practices not to determine whether those early payments violate the FLSA but to determine whether there is a dispute of fact about Defendants' actual payday policy. The Court agrees that there is a genuine dispute of material fact.

Defendants also argue that their 2017 updated employee handbook resolves any ambiguity about their payday policy and because they did not violate that policy, the Court should dismiss Plaintiffs' post-2017 FLSA claims. Although Defendants' 2017 employee handbook does update the regular payday to the 5th and 20th days of each month, it still does not clearly establish Defendants' holiday and weekend payday policy. The updated handbook states that when the 5th or 20th falls on a weekend or holiday, paychecks will "normally" issue the next business day. Inclusion of the word "normally" leaves open the possibility that Defendants may choose not to issue paychecks the following business day but for example, choose to issue paychecks the following week. Even under the updated employee handbook, an issue of fact remains about what exactly Defendants' payday policy was when the 5th or 20th day of the month fell on a weekend or near a holiday.

### 2. Plaintiffs' Objections

Plaintiffs argue that the Findings and Recommendation misinterprets Oregon's minimum wage laws in declining to imply a time-of-payment requirement in ORS § 653.055. Specifically, Plaintiffs argue that the payday requirements in ORS § 652.120 only set out the general rules for

PAGE 10 – OPINION AND ORDER

an employer's schedule of paydays and that ORS § 653.055 allows for an additional penalty for late payment. Plaintiffs ask the Court to infer a time-of-payment requirement in ORS § 653.055 as did the Ninth Circuit in *Biggs* in the FLSA.

As explained above, the text of the relevant Oregon statutes and guidance from the Oregon Supreme Court counsel against such a result. Judge Beckerman correctly notes that unlike the FLSA, ORS § 652.120 specifically addresses the timeliness of an employer's paydays. Thus, there is therefore no "gap to fill" in Oregon's wage and hour laws. *See North Marion*, 305 Or. at 325 (comparing the FLSA with Oregon's wage and hour laws). Judge Beckerman correctly considered Oregon's wage and hour statutory scheme in declining to imply a time-of-payment requirement under ORS § 653.055.

## CONCLUSION

The Court DENIES Plaintiffs' Alternative Motion to Certify Question to the Oregon Supreme Court. (ECF 148). The Court agrees with Judge Beckerman's reasoning and ADOPTS the Findings and Recommendation (ECF 144), as supplemented here. The Court DENIES Defendants' Motion for Leave to File Amended Answer and Affirmative Defenses (ECF 113), GRANTS IN PART and DENIES IN PART Defendants' Motion for Summary Judgment (ECF 111), GRANTS IN PART and DENIES IN PART Plaintiffs' Cross-Motions for Summary Judgment (ECF 107 and ECF 120), and DENIES Defendants' Motion to Amend Class Definition (ECF 130).

IT IS SO ORDERED.

DATED this 23rd day of September, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge