IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CAROL FERGUSON and LYNDA FREEMAN, on behalf of themselves and, in addition, on behalf of others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>MARIA SMITH, an individual; GLADSTONE AUTO, LLC, an Oregon limited liability company; and CARROS, INC., an Oregon corporation,<br><br>      Defendants. | Case No. 3:18-cv-00372-SB<br><br>**OPINION AND ORDER** |

**BECKERMAN, U.S. Magistrate Judge.**

      This matter comes before the Court on plaintiffs Carol Ferguson and Lynda Freeman's (together, "Plaintiffs") motion for approval of their collective action notice (ECF No. 165). Defendants Maria Smith, Gladstone Auto, LLC, and Carros, Inc. (together, "Defendants") object to several aspects of Plaintiffs' proposed collective action notice (ECF No. 166). For the reasons discussed below, the Court sustains in part and overrules in part Defendants' objections.

      As an initial matter, the Court overrules Defendants' objections to sending the notice and receiving opt-ins via electronic media in addition to U.S. mail. Email, text, and website

PAGE 1 – OPINION AND ORDER

communications increase the likelihood of reaching potential members of the collective action (especially during a global pandemic), and there is no serious risk of multiple entries by a single individual nor phantom entries in light of the relatively small and readily identifiable collective.

With respect to Defendants' objections to the proposed notice language, the Court addressees each objection herein:

| Number | Relevant Language | Disposition | Explanation |
|---|---|---|---|
| 1 | "A federal court authorized this notice. This is not a solicitation from a lawyer." | Sustained in part. | Approved language: "A federal court authorized this notice." The approved language is accurate. The second sentence should be excluded because the notice is, in fact, a solicitation by Plaintiffs' counsel to join the collective action and to be represented by Plaintiffs' counsel. |
| | Add Maria Smith | Sustained | Accuracy |
| | "You have to decide whether to join this collective action." | Sustained | Defendants' proposed language is more clear. |
| | "share in" should be "join" | Sustained | Defendants' proposed language is more clear. |
| | "You will not be penalized in any way for joining this action." | Sustained | Defendants' proposed language is more accurate. |
| 2 | Adding date | Sustained in part | The Court approves the language Plaintiffs suggest in their reply. |
| 3 | Several proposed changes | N/A | Plaintiffs agree to the proposed changes, as noted in their reply. |
| 4 | First sentence | Sustained in part | Approved language: "Lynda Freeman and Carol Ferguson claim that Defendants paid some paychecks after the regular payday, and further claim that when that happened, Defendants violated federal law." |
| | "in the amount of $7.25" | Sustained | Defendants' proposed language is more clear. |
| | "an extra 50% of their regular wage rate for all hours over 40 in a week" | Sustained | Defendants' proposed language more accurately reflects the proper calculation of liquidated damages under the FLSA. Plaintiffs present |

PAGE 2 – OPINION AND ORDER

| Number | Relevant Language | Disposition | Explanation |
|---|---|---|---|
|  |  |  | no authority for their position that they are entitled to overtime wages and liquidated damages for all hours in the relevant pay period, as opposed to any hours over 40 hours per week. *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."). |
|  | Reference to related state litigation | Sustained | If the state court certifies the state claims, the state notice can explain the difference between the state and federal actions. Referencing the state case here may be confusing. |
| 5 | "that their payments to employees on the next business day after a weekend or holiday did not violate federal law" | Overruled | Plaintiffs' proposed language more accurately reflects their claims. Whether Defendants paid employees on the next business day after a weekend or holiday remains a disputed fact. |
| 6 | "on the next business day . . . was on a weekend or holiday" | Overruled | Plaintiffs' proposed language more accurately reflects their claims. Whether Defendants paid employees on the next business day after a weekend or holiday remains a disputed fact. |
|  | "eligible to be" | Sustained | Defendants' proposed language is more clear. |
| 7 | Return form to the "claims administrator" | N/A | Plaintiffs agree to the proposed changes. |
|  | Website | Overruled | The Court assumes the website language will mirror approved language in the short and long form notices. |
| 8 | Eligibility language (including "apply to") | Sustained | Defendants' proposed language is more accurate. |
| 9 | Add "consent to" | N/A | Plaintiffs agree to the proposed changes. |

PAGE 3 – OPINION AND ORDER

| Number | Relevant Language | Disposition | Explanation |
|---|---|---|---|
| 10 | Defendants' names | Overruled | Gladstone Auto, LLC is defined as "Toyota of Gladstone" and Carros, Inc. is defined as "Mazda of Gladstone" earlier in the notice, and this reference is not confusing. |
| 11 | Defendants' names | N/A | Plaintiffs agree to the proposed changes. |
| 12 | Defendants' names | Overruled | Gladstone Auto, LLC is defined as "Toyota of Gladstone" and Carros, Inc. is defined as "Mazda of Gladstone" earlier in the notice, and this reference should not be confusing. |
| | "were issued on the next business day when the 5th and 20th of each month fell on a weekend or holiday" | Overruled | Plaintiffs' proposed language more accurately reflects their claims. Whether Defendants paid employees on the next business day after a weekend or holiday remains a disputed fact. |
| 13 | Several proposed changes | N/A | Plaintiffs agree to the proposed changes. |
| 14 | First sentence | Sustained in part | Approved language: "In the lawsuit, Lynda Freeman and Carol Ferguson claim that Defendants sometimes paid them their paychecks after the regular payday, that this violated federal law, and that they are therefore entitled to money damages." |
| 15 | "that their payments to employees on the next business day after a weekend or holiday did not violate federal law" | Overruled | The proposed additional language is not necessary and does not accurately state Plaintiffs' claims. Whether Defendants paid employees on the next business day after a weekend or holiday remains a disputed fact. |
| 16 | Plaintiffs' names | Sustained | Referring to the plaintiffs by name is more clear and accurate, and the addition of the word "either" adds clarity. |
| 17 | Plaintiffs' names | Sustained | Referring to the plaintiffs by name is more clear and accurate. Defendants' proposed language "where they are determined to have been paid late" is also appropriate. |

| Number | Relevant Language | Disposition | Explanation |
|---|---|---|---|
|  | Liquidated damages | Sustained | Defendants' proposed language more accurately reflects the proper calculation of liquidated damages under the FLSA. Plaintiffs present no authority for their position that they are entitled to overtime wages and liquidated damages for all hours in the relevant pay period, as opposed to all hours greater than 40 hours per week. *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."). |
| 18-19 | Defendants' names | Overruled | Gladstone Auto, LLC is defined as "Toyota of Gladstone" and Carros, Inc. is defined as "Mazda of Gladstone" earlier in the notice, and this reference should not be confusing. |
| 20 | "you have to decide" | Sustained | Defendants' proposed language is more clear and accurate. |
| 21 | Proposed deletion | N/A | Plaintiffs agree to the proposed change. |
| 22 | Website | Overruled | The Court assumes the website language will mirror approved language in the short and long form notices. |
| 23 | Several proposed changes | N/A | Plaintiffs agree to the proposed changes. |
| 24 | Proposed addition | N/A | Plaintiffs agree to the proposed changes. |
| 25 | Proposed addition | N/A | Plaintiffs agree to the proposed changes. |

**CONCLUSION**

For these reasons, the Court sustains in part and overrules in part Defendants' objections to Plaintiffs' proposed collective action notice (ECF No. 165). Plaintiffs' counsel shall incorporate

PAGE 5 – OPINION AND ORDER

the approved changes discussed herein and obtain approval on the revised notice from Defendants' counsel prior to circulating the notice. If any disputes remain, counsel shall contact the Court to schedule a telephonic conference.

DATED this 19th day of January, 2022.

                                                                    *Stacie F. Beckerman*
                                                                    _____
                                                                    HON. STACIE F. BECKERMAN
                                                                    United States Magistrate Judge