IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CAROL FERGUSON and LYNDA FREEMAN, on behalf of themselves and, in addition, on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARIA SMITH, an individual; GLADSTONE AUTO, LLC, an Oregon limited liability company; and CARROS, INC., an Oregon corporation,<br><br>Defendants. | Case No. 3:18-cv-00372-SB<br><br>**OPINION AND ORDER** |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiffs Carol Ferguson ("Ferguson") and Lynda Freeman ("Freeman") (together, "Plaintiffs") and defendants Maria Smith ("Smith"), Gladstone Auto, LLC, which does business as Toyota of Gladstone, and Carros, Inc., which does business as Mazda of Gladstone (together, "Defendants"), filed motions in limine in anticipation of the May 1, 2023, trial. For the reasons that follow, the Court grants in part Plaintiffs' motion in limine and grants Defendants' motion in limine.

///

PAGE 1 – OPINION AND ORDER

## DISCUSSION

I. **PLAINTIFFS' MOTION IN LIMINE**

　　A.　　Motion in Limine No. 1

Plaintiffs moved to exclude any evidence or argument relating to their job performance or terminations. (Pls.' Mot. at 1, ECF No. 188.) Defendants do not oppose the motion, except with respect to the date of Plaintiffs' terminations which is relevant to their knowledge of Defendants' payday policies and practices and to the amount of liquidated damages. (Defs.' Resp. at 2, ECF No. 203.) As a result of the parties' conferral on the motion, the parties stipulated that Ferguson's last paycheck was dated July 27, 2017, and Freeman's last paycheck was dated August 28, 2017, and that Defendants no longer employed them after those dates, which resolved Defendants' objection. (Pls.' and Defs.' Stipulations ("Stipulations") at 1, ECF No. 216.) Accordingly, the Court GRANTS Plaintiffs' motion in limine and orders that the parties may not introduce any evidence or argument relating to Plaintiffs' job performance or their terminations, except that the parties may refer to their stipulation.

　　B.　　Motion in Limine No. 2

Plaintiffs moved to exclude any evidence or argument challenging the Court's holding earlier in the case that Defendants collectively employed Plaintiffs and the collective members. (Pls.' Mot. at 2.) Defendants do not oppose the motion. (Defs.' Resp. at 2.) Accordingly, the Court GRANTS Plaintiffs' motion in limine and orders that Defendants may not introduce any evidence or argument challenging the Court's holding that Defendants collectively employed Plaintiffs and the collective members.

　　C.　　Motion in Limine No. 3

Plaintiffs moved to exclude any evidence or argument regarding the defenses of failure to state a claim or insufficiency of class allegations. (Pls.' Mot. at 2.) Defendants do not oppose the

PAGE 2 – OPINION AND ORDER

motion. (Defs.' Resp. at 2.) Accordingly, the Court GRANTS Plaintiffs' motion in limine and orders that Defendants may not introduce any evidence or argument regarding the defenses of failure to state a claim or insufficiency of class allegations. The Court's order does not preclude Defendants from arguing to the jury that Plaintiffs failed to satisfy their burden of proof with respect to Plaintiffs' and the collective members' claims.

### D. Motion in Limine No. 4

Plaintiffs moved to exclude any evidence or argument regarding an offset against liquidated damage awards for certain collective members. (Pls.' Mot. at 3.) Defendants oppose the motion, on the ground that some collective members were paid overtime despite being exempt from overtime requirements, and therefore the Court should offset any liquidated damage award by the amounts Defendants overpaid those collective members. (Defs.' Resp. at 3.)

The Court agrees that it may be appropriate to offset certain collective members' liquidated damage awards if Defendants overpaid the collective member in the same pay period. *See Franco v. City of Victorville*, No. CV 07-7670 SVW (EX), 2009 WL 10668439, at *3, 5 (C.D. Cal. Sept. 23, 2009) (offsetting Fair Labor Standards Act ("FLSA") unpaid overtime wages with various overpayments and finding that the plaintiffs were entitled to $1,950.50 in unpaid overtime wages and $1,950.50 in liquidated damages, i.e., the plaintiffs were not entitled to liquidated damages in the pre-offset amount of unpaid overtime wages); *Davis v. Westgate Planet Hollywood Las Vegas, LLC*, 2:08-cv-00722-RCJ-PAL, 2009 WL 10693341, at *2-3 (D. Nev. Sept. 18, 2009) (allowing employer's offset counterclaim in FLSA collective action because other courts' concerns regarding FLSA offsets, including that an offset could reduce payments below the statutory minimum wage, were not present, and noting that "it would be a waste of judicial resources to compel [the employer] to separately assert its breach of contract claims [for overpayment of wages] against the Plaintiff Employees in state court"); *see also*

PAGE 3 – OPINION AND ORDER

*Johnson v. D.M. Rothman Co., Inc.*, 861 F. Supp. 2d 326, 335 (S.D.N.Y. 2012) (offsetting FLSA unpaid overtime wages and liquidated damages with prior wage overpayments).[1]

Accordingly, the Court DENIES Plaintiffs' motion in limine regarding offsets, and will allow Defendants to present evidence to the jury regarding collective members' overtime exemptions and argument to the Court regarding appropriate offset amounts.

### E.  Motion in Limine No. 5

Plaintiffs moved to exclude any evidence or argument concerning a non-compensable time defense. (Pls.' Mot. at 4.) Defendants do not oppose the motion. (Defs.' Resp. at 3.) Accordingly, the Court GRANTS Plaintiffs' motion in limine and orders that Defendants may not introduce any evidence or argument regarding a non-compensable time defense.

### F.  Motion in Limine No. 6

Plaintiffs moved to exclude any evidence or argument regarding the application of a statute of limitations defense other than that the statute of limitations began to run on March 1, 2015 (for willful violations) or March 1, 2016 (for non-willful violations), because Plaintiffs reached an agreement with Defendants to toll the applicable statute of limitations for Plaintiffs and collective members. (Pls.' Mot. at 4.) Defendants oppose the motion, arguing that no valid tolling agreement exists. (Defs.' Resp. at 3-9.)

///

---

[1] Plaintiffs cite *Huyck v. Limitless, LLC*, No. 3:15-cv-01298-BR, 2016 WL 5402219, at *6-9 (D. Or. Sept. 26, 2016) in support of their argument that the FLSA does not allow offsets against a liquidated damage award, but the *Huyck* court did not evaluate whether courts may offset a liquidated damage award to account for wage overpayments in the absence of an accompanying wage claim. In addition, Plaintiffs' counsel suggested at the pretrial conference that Defendants were required to file a counterclaim alleging offset, but the Court disagrees. *See Scherer v. BOK Fin. Corp.*, No. 4:21-CV-00449, 2023 WL 123792, at *4 (S.D. Tex. Jan. 6, 2023) ("While in most cases the Defendants raise [offset for FLSA damages] as a counterclaim, the Court believes that the Defendants may assert it as an affirmative defense."); *see also* Defs.' Answer ¶ 33, ECF No. 21 (asserting offset as an affirmative defense).

The Court finds that Plaintiffs reached a valid and enforceable tolling agreement with Defendants via an email exchange between their respective counsel on or about September 12, 2018.[2] (*See* Supp. Decl. Jon Egan, Ex. 6, ECF No. 214.) The tolling agreement provided that "[i]f plaintiffs agree to a global mediation and agree to postpone all depositions and a motion for conditional certification, defendants will agree to toll the FLSA claims from March 1, 2018 (the date the complaint was filed)." (*Id.* at 2.) Plaintiffs agreed to the global mediation and to postpone all depositions and the motion for conditional certification pending settlement negotiations. That settlement negotiations were ultimately unsuccessful does not impact the validity or terms of the agreement, nor does the fact that Defendants' new counsel was unaware of the tolling agreement.

Defendants argue that Plaintiffs could not have agreed to toll the statute of limitations on behalf of absent collective members here, but tolling agreements for absent collective members are common in FLSA collective actions. *See, e.g.*, *Stemple v. Ringcentral, Inc.*, No. 18-cv-04909-LB, 2019 WL 3842091, at *1 (N.D. Cal. Aug. 15, 2019) ("[T]he parties entered into a tolling agreement to protect the FLSA claims for those members of the collective who had not yet joined[.]"); *Koval v. Pac. Bell Tel. Co.*, No. C 12-1627, 2012 WL 3283428, at *7 (N.D. Cal. Aug. 10, 2012) (equitably tolling statute of limitations for putative FLSA collective members and noting that "[t]he Ninth Circuit has applied the doctrine of equitable tolling to FLSA claims") (citation omitted); *see also McKinnon v. Peloton Interactive, Inc.*, No. CV 22-3368-MWF (E), 2023 WL 2628614, at *9 (S.D.N.Y. Feb. 8, 2023) ("[T]he parties agreed that it would be helpful if the Court ordered tolling of Plaintiffs' and any non-party employee's FLSA claims.

---

[2] Plaintiffs have not cited any Oregon cases holding that a tolling agreement must be in writing and signed by the party obligated. *Cf. Am. Exp. Partners, LLC v. Inman*, No. CV 04-1431, 2005 WL 6172582, at *5 (C.D. Cal. Feb. 28, 2005) ("[U]nder California law, any tolling agreement must be in writing and signed by the party obligated.") (citations omitted).

PAGE 5 – OPINION AND ORDER

Accordingly, the Court equitably TOLLS the statute of limitations for Plaintiffs' FLSA claims and any non-party employee's FLSA claims which are ultimately allowed to proceed[.]") (citation omitted).

Accordingly, the Court GRANTS Plaintiffs' motion in limine and orders that the parties may not introduce any evidence or argument regarding application of a statute of limitations defense other than that the statute of limitations began to run on March 1, 2015 (for willful violations) or March 1, 2016 (for non-willful violations).

### G. Motion in Limine No. 7

Plaintiffs moved to exclude any evidence or argument concerning Plaintiffs' motives in filing this lawsuit or concerning a possible attorney's fee award. (Pls.' Mot. at 4-5.) Defendants do not oppose the motion, so long as the Court's order does not preclude them from arguing for a liquidated damages offset. (Defs.' Resp. at 3.) Accordingly, the Court GRANTS Plaintiffs' motion in limine and orders that Defendants may not introduce any evidence or argument regarding Plaintiffs' motives in filing this lawsuit or concerning a possible attorney's fee award. Nothing in the Court's order precludes Defendants from arguing for a liquidated damages offset, as discussed above.

### H. Motion in Limine No. 8

Plaintiffs moved to exclude any evidence or argument concerning a collection at work to assist Freeman with the costs of a surgery. (Pls.' Mot. at 5.) Defendants do not oppose the motion. (Defs.' Resp. at 3.) Accordingly, the Court GRANTS Plaintiffs' motion in limine and orders that the parties may not introduce any evidence or argument regarding the collection for Freeman's surgery.

///

///

PAGE 6 – OPINION AND ORDER

## II. DEFENDANTS' MOTION IN LIMINE

### A. Motion in Limine No. 1

Defendants move to preclude Plaintiffs from referencing the related state court class action. (Defs.' Mot. at 2.) Plaintiffs do not oppose the motion. (Pls.' Resp. at 1, ECF No. 211.) Accordingly, the Court GRANTS Defendants' motion in limine and orders that no party may introduce any evidence or argument regarding the related state court action.

### B. Motion in Limine No. 2

Defendants move to preclude Plaintiffs from referencing employees who chose not to opt into the collective. (Defs.' Mot. at 3.) Plaintiffs initially opposed the motion on the ground that evidence about employees who did not opt into the collective may be relevant to the claims of those who did, e.g., the fact that all employees were paid on the same day is relevant to the regularity of payday. (Pls.' Resp. at 1.) The parties resolved the objection by removing the pay stubs of employees who did not opt in from the trial exhibits, and by stipulating that employees were paid on the same day. (Stipulations at 1.) Accordingly, the Court GRANTS Defendants' motion in limine and orders that no party may introduce any evidence or argument regarding employees who did not opt in to the collective.

## CONCLUSION

For these reasons, the Court GRANTS IN PART Plaintiffs' motion in limine (ECF No. 188) and GRANTS Defendants' motion in limine (ECF No. 198).

DATED this 14th day of April, 2023.

*/s/ Stacie F. Beckerman*
_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge