IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CAROL FERGUSON and LYNDA FREEMAN, on behalf of themselves and, in addition, on behalf of others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>MARIA SMITH, an individual; GLADSTONE AUTO, LLC, an Oregon limited liability company; and CARROS, INC., an Oregon corporation,<br><br>　　　　　　　Defendants. | Case No. 3:18-cv-00372-SB<br><br>**OPINION AND ORDER** |

**BECKERMAN, U.S. Magistrate Judge.**

　　　Defendants Maria Smith ("Smith"), Gladstone Auto, LLC, which does business as Toyota of Gladstone, and Carros, Inc., which does business as Mazda of Gladstone (together, "Defendants"), filed a motion for reconsideration of the Court's Opinion and Order granting Plaintiffs Carol Ferguson's ("Ferguson") and Lynda Freeman's ("Freeman") (together, "Plaintiffs") motion in limine.

///

PAGE 1 – OPINION AND ORDER

In its Opinion and Order, the Court granted Plaintiffs' motion in limine and ordered that the parties may not introduce any evidence or argument regarding application of a statute of limitations defense other than that the statute of limitations began to run on March 1, 2015 (for willful violations) or March 1, 2016 (for non-willful violations). (Op. & Order at 4-6, ECF No. 229.) The Court based its ruling on a finding that Defendants' prior counsel had entered into a valid and enforceable tolling agreement with Plaintiffs' counsel on or about September 12, 2018, providing that "[i]f plaintiffs agree to a global mediation and agree to postpone all depositions and a motion for conditional certification, defendants will agree to toll the [Fair Labor Standards Act] claims from March 1, 2018 (the date the complaint was filed)." (*Id.* at 5.)

"While [Federal] Rule [of Civil Procedure] 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (citing *Kona*, 229 F.3d at 890).

Defendants do not present newly discovered evidence nor argue an intervening change in the controlling law, but rather assert that the Court erred. (Defs.' Mot. Recons. at 2-7, ECF No. 232.) The Court disagrees.

///

PAGE 2 – OPINION AND ORDER

First, Defendants argue that the Court "*erred* in concluding that there is no requirement under Oregon law that tolling agreements must be in a signed writing." (Defs.' Mot. Recons. at 2) (emphasis in original). The Court did not so conclude, but rather pointed out that Defendants did not raise that argument in their opposition to Plaintiffs' motion in limine. (Op. & Order at 5 n.2, "Plaintiffs have not cited any Oregon cases holding that a tolling agreement must be in writing and signed by the party obligated."). It is well settled that a "motion [to reconsider] may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.2d at 945 (citing *Kona*, 229 F.3d at 883). The Court does not reach Defendants' argument because Defendants reasonably could have argued that a tolling agreement must be signed and in writing at the time the parties reached the tolling agreement via email, at the time the agreed-upon early mediation was canceled, or in their opposition to Plaintiffs' motion in limine, but they did not. *See id.* (affirming the district court's denial of the plaintiff's motion for reconsideration because he "could reasonably have raised [his] argument" earlier in the litigation). Instead, Defendants raised the argument in a motion for reconsideration six court days before trial.

Defendants also argue that the Court erred in finding that there was a valid offer and acceptance to form a binding agreement and by failing to find that Plaintiffs breached the tolling agreement when the settlement judge canceled the scheduled mediation. (Defs.' Mot. Recons. at 2.) Defendants repeat the arguments they previously raised in opposition to Plaintiffs' motion in limine, which the Court has already considered and rejected.[1] (*See* Op. & Order at 4-6; *compare* Defs.' Mot. Recons. at 4-7 *with* Defs.' Resp. Pls.' Mots. Limine at 3-9, ECF No. 203.)

---

[1] Defendants also distinguish the cases the Court cited in its Opinion and Order, but as the Court noted, it cited those cases in response to Defendants' argument that Plaintiffs could not have agreed to toll the statute of limitations for absent collective members. (*See* Op. & Order at

PAGE 3 – OPINION AND ORDER

Defendants' counsel appears to take issue with the fact that Plaintiffs' counsel did not inform him of the tolling agreement until March 8, 2023, i.e., a few days before Plaintiffs filed their motion in limine. (*See* Decl. Douglas S. Parker Supp. Defs.' Mot. Recons. ¶ 4, ECF No. 234, "[Plaintiffs' counsel did not] inform me of any alleged tolling agreement (and did not do so until March 8, 2023)."). Defense counsel's statement suggests that Defendants' prior counsel did not share all relevant email communications at the time of substitution, which is not the fault of Plaintiffs' counsel. The Court will not allow Defendants to use the substitution of counsel to back out of the tolling agreement one week before trial and more than four years after Defendants' prior counsel entered into the agreement on their behalf.

## CONCLUSION

For these reasons, the Court DENIES Defendants' Motion for Reconsideration (ECF No. 229).

DATED this 28th day of April, 2023.

*Stacie F. Beckerman*

HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

5, "Defendants argue that Plaintiffs could not have agreed to toll the statute of limitations on behalf of absent collective members here, but tolling agreements for absent collective members are common in FLSA collective actions.").

PAGE 4 – OPINION AND ORDER