IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CAROL FERGUSON and LYNDA
FREEMAN, on behalf of themselves and, in
addition, on behalf of others similarly
situated,

　　　　　　　　　Plaintiffs,

　　　　v.

MARIA SMITH, an individual;
GLADSTONE AUTO, LLC, an Oregon
limited liability company; and CARROS,
INC., an Oregon corporation,

　　　　　　　　　Defendants.

Case No. 3:18-cv-00372-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

　　　　Plaintiffs Carol Ferguson ("Ferguson") and Lynda Freeman ("Freeman") (together,

"Plaintiffs") made an oral motion for judgment as a matter of law at the close of evidence during

their jury trial with respect to an affirmative defense presented by Defendants Maria Smith

("Smith"), Gladstone Auto, LLC, which does business as Toyota of Gladstone, and Carros, Inc.,

which does business as Mazda of Gladstone (together, "Defendants"). Specifically, Plaintiffs

argued that Defendants did not establish a legally sufficient evidentiary basis for the jury to find

that any of the collective members at issue qualified for the Salesman, Partsman, or Mechanic

exemption from the Fair Labor Standards Act's ("FLSA") overtime requirements. For the

reasons discussed below, the Court denies Plaintiffs' motion for judgment as a matter of law.

## DISCUSSION

## I.    BACKGROUND

At the two-day jury trial in this case, Jury Instruction No. 23 included the following

description of the Salesman, Partsman, or Mechanic Exemption (also referred to as the "auto"

exemption):

> Certain employees of automobile dealerships are exempt from the overtime requirements of the Fair Labor Standards Act. In order for this exemption to apply, Defendants must first prove the following by a preponderance of the evidence:

> (1)    Defendants are not engaged in manufacturing; and

> (2)    Over half of Defendants' annual dollar volume of sales made or business done is from automobile sales to ultimate purchasers.

> If Defendants prove the foregoing, then Plaintiffs and any collective members who were employed as salesmen, partsmen, or mechanics who spent more than 50% of their time selling or servicing automobiles are exempt from the overtime requirements of the Fair Labor Standards Act. Defendants bear the burden of proving which Plaintiffs and/or collective members were employed in an overtime exempt position and spent more than 50% of their time in a given pay period selling or servicing automobiles.

> "Salesmen" are defined as any employees who are employed for the purpose of making sales or obtaining orders or contracts for sale of automobiles and spend more than 50% of their time on those activities. Any work performed incidental to and in conjunction with the employee's own sales or solicitations, including incidental deliveries and collections, is considered sales activity. "Salesmen" also includes any service advisors who spend more than 50% of their time servicing automobiles. Servicing automobiles includes meeting customers, listening to their concerns about their cars; suggesting repair and maintenance services, selling new accessories or replacement parts, recording service orders, following up with customers as the services are performed (for instance, if new problems are discovered), and explaining the repair and maintenance work when customers return for their vehicles.

"Partsmen" are defined as any employees who are employed for the purpose of requisitioning, stocking, and dispensing parts and spend more than 50% of their time on those activities. This includes obtaining vehicle parts and providing them to mechanics and purchasing, storing, and issuing spare parts for automotive equipment.

"Mechanics" are defined as any employees who spend more than 50% of their time doing mechanical work to service automobiles including any work required for its use or safe operation. The term does not include employees primarily performing such nonmechanical work as washing, cleaning, painting, polishing, tire changing, installing seat covers, dispatching, lubricating, or other nonmechanical work.

(Jury Instructions at 25, ECF No. 253.)

Smith testified at trial that Defendants are not engaged in manufacturing, and that over half of Defendants' annual dollar volume of sales made or business done is from automobile sales to ultimate purchasers. With respect to whether Plaintiffs and/or collective members were employed in an overtime exempt position and spent more than 50% of their time in a given pay period engaged in exempt work duties (i.e., making sales or obtaining orders or contracts for sale of automobiles; requisitioning, stocking, or dispensing parts; or doing mechanical work to service automobiles), Smith testified regarding the meaning of various job title codes (including NCSLS (new car sales); PTSMGR (parts manager); GSM (general sales manager); NCMGR (new car manager); SCRVAED (service advisor); TECH (technician); F&I (finance and insurance); SRVSPT (service support); UCSPT (used car support); NCSPT (new car support); PRTSPT (parts support); and PTSCTR (parts counter)), and the duties associated with each job title. Smith further testified that any employees in these positions engaged in the typical duties for that position at least 50% of the time.

Certified public accountant Andrew Voth testified regarding which collective members were assigned which job codes and for which pay periods, and the Court entered Defendants' Exhibit 263 summarizing the information. (Defs.' Ex. 263.) Each collective member's relevant paystubs, reflecting their job codes, were also entered into evidence. (Pls.' Exs. 3-4.)

At the close of evidence, Plaintiffs moved orally for judgment as a matter of law under Federal Rule of Civil Procedure ("Rule") 50 on Defendants' auto exemption affirmative defense, arguing that under 29 C.F.R. § 541.2, a job title alone is insufficient to establish the exempt status of an employee. Instead, the exempt or non-exempt status of any particular employee must be determined on the basis of whether that employee's job duties meet the requirements. Plaintiffs' counsel argued that Smith testified only generically about the job duties of each job title, but no witness testified about the job duties performed by any particular collective member in any particular pay period. Defendants opposed Plaintiffs' motion, and the Court took the motion under advisement.

The verdict form required the jury to determine if the following collective members qualified for the exemption:

**3.** **Did Defendants prove by a preponderance of the evidence that the following employees were exempt under the Salesman, Partsman, or Mechanic Exemption?**

| <u>Name</u> | <u>Answer</u> |
|---|---|
| Marshall Baggs | YES _____      NO _____ |
| Sergio Polanco Dominguez | YES _____      NO _____ |
| Richie Flores | YES _____      NO _____ |
| Gabriel Gasca | YES _____      NO _____ |
| Alexander Gonzales | YES _____      NO _____ |
| Samson Hancock | YES _____      NO _____ |
| Parker Howell | YES _____      NO _____ |
| Wesley Kennedy | YES _____      NO _____ |

| **Name** | **Answer** |
|---|---|
| Dereck Messer | YES _____     NO _____ |
| Seth Miller | YES _____     NO _____ |
| Joseph Pietila | YES _____     NO _____ |
| Rene Rivera | YES _____     NO _____ |
| Ignacio Ortiz Sanchez | YES _____     NO _____ |
| Michael Schmitt | YES _____     NO _____ |
| Charles Seaton | YES _____     NO _____ |
| Michael Vang | YES _____     NO _____ |
| Tavish Winscott | YES _____     NO _____ |

(ECF No. 250.) The jury answered "yes" only with respect to Gonzales, Hancock, Messer,

Pietela, Rivera, Schmitt, and Vang. (*Id.*)

## II.    ANALYSIS

Plaintiffs argue that Defendants did not present legally sufficient evidence to allow a jury

to determine whether collective members qualified for the Salesman, Partsman, or Mechanic

exemption because Defendants relied on job titles alone to attempt to establish the exempt status

of the collective members.

Under Rule 50(a)(1), "[t]he operative question is whether a 'reasonable jury' would have

had 'a legally sufficient evidentiary basis' to conclude that defendants [violated the law]." *Gray*

*v. Hudson*, 28 F.4th 87, 95 (9th Cir. 2022) (quoting FED. R. CIV. P. 50(a)(1)); FED. R. CIV. P.

50(a)(1) ("If a party has been fully heard on an issue during a jury trial and the court finds that a

reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that

issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue."). "The applicable standards are essentially 'the same' as those for a summary judgment motion, meaning that [a court] 'must draw all reasonable inferences' in [the non-moving party's] favor." *Gray*, 28 F.4th at 95 (citations omitted). "Along these lines, [a court] 'must disregard all evidence favorable to [the moving party] that the jury is not required to believe,' but [a court] should also 'give credence to . . . evidence supporting [the moving party] that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" *Id.* at 95-96 (citations omitted).

Plaintiffs argue that Defendants did not provide the jury with a legally sufficient evidentiary basis to conclude that any collective members qualified for the auto exemption because a job title alone is insufficient to establish the exemption under 29 C.F.R. § 541.2. Under 29 C.F.R. § 541.2, "[a] job title alone is insufficient to establish the exempt status of an employee." 29 C.F.R. § 541.2. Rather, "[t]he exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part." *Id.*

Drawing all reasonable inferences in Defendants' favor, the Court finds that Defendants presented sufficient evidence to allow the jury to determine whether the relevant collective members qualified for the auto exemption. Importantly, Defendants did not present evidence only of the relevant collective members' job titles, but also presented Smith's testimony detailing the job duties of all employees who were assigned a particular job code. For example, Smith testified that all employees assigned the job code "TECH" worked as technicians, technicians are

responsible for repairing vehicles, and technicians employed by Defendants spend more than 90% of their time repairing vehicles. Vogt then testified and presented evidence that Gonzales, Messer, Pietila, and Schmitt were employed as technicians during the relevant pay periods, and the jury found that Defendants met their burden of proving by a preponderance of the evidence that those collective members qualified for the exemption. The jury further found that Defendants did not meet their burden with respect to ten of the seventeen collective members.

The Court finds that Defendants presented a legally sufficient evidentiary basis to allow the jury to find which collective members were employed as salesmen, partsmen, or mechanics and spent more than 50% of their time selling or servicing automobiles, and were therefore exempt from FLSA's overtime requirements.

## CONCLUSION

For these reasons, the Court DENIES Plaintiffs' oral motion for judgment as a matter of law on Defendants' Salesman, Partsman, and Mechanic exemption affirmative defense.

DATED this 26th day of May, 2023.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge