IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CAROL FERGUSON and LYNDA
FREEMAN, on behalf of themselves and, in
addition, on behalf of others similarly
situated,

                 Plaintiffs,

      v.

MARIA SMITH, an individual;
GLADSTONE AUTO, LLC, an Oregon
limited liability company; and CARROS,
INC., an Oregon corporation,

                 Defendants.

Case No. 3:18-cv-00372-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

       Defendants Maria Smith ("Smith"), Gladstone Auto, LLC, which did business as Toyota

of Gladstone, and Carros, Inc., which did business as Mazda of Gladstone (together,

"Defendants"), along with non-party Lane Powell P.C. ("Lane Powell," and together with

Defendants, "Movants") filed a motion to quash a subpoena that Plaintiffs Carol Ferguson and

Lynda Freeman (together, "Plaintiffs") served on Lane Powell seeking billing records relating to

Lane Powell's representation of Defendants in this action. (Defs.' Mot. Quash, ECF No. 292.) In

PAGE 1 – OPINION AND ORDER

the motion to quash, Movants requested Rule 45 sanctions in the form of a fee award on the ground that the subpoena imposed an undue burden on Lane Powell. (*Id.* at 4.) Following briefing and a hearing, the Court granted the motion to quash but took the request for sanctions under advisement. (ECF No. 301.) For the reasons explained below, the Court denies Movants' request for sanctions.

## DISCUSSION

### I.    LEGAL STANDARDS

Federal Rule of Civil Procedure ("Rule") 45(d)(1) provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1). "The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." *Id.*

"When enforcing [Rule 45(d)(1)],[1] courts have discretion over the type and degree of sanction imposed." *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 425 (9th Cir. 2012) (citing FED. R. CIV. P. 45(c)(1)). "Payment of opposing counsel's attorneys' fees is one form of permissible sanction." *Id.* (citing FED. R. CIV. P. 45(c)(1)).

The Ninth Circuit has held that Rule 45(d)(1) sanctions are appropriate "when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent with existing law." *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013) (citing *Mount Hope Church*, 705 F.3d at 425, 428 and *Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 814

---

[1] The *Mount Hope Church* opinion cites to Rule 45(c)(1), but Rule 45 was amended in 2013 and the same provisions governing protections for subpoenaed parties now appear in subdivision (d). *See* FED. R. CIV. P. 45(d) advisory committee's note to 2013 amendment.

(9th Cir. 2003)); *see also Mount Hope Church*, 705 F.3d at 429 ("[A]bsent undue burden imposed by an oppressive subpoena, a facially defective subpoena, or bad faith on the part of the requesting party, Rule 45[d](1) sanctions are inappropriate."); *Fujikura Ltd. v. Finisar Corp.*, No. 15-mc-80110-HRL (JSC), 2015 WL 5782351, at *8 (N.D. Cal. Oct. 5, 2015) ("The language of the rule anticipates sanctions when a subpoena is overbroad or subjects a non-party to undue burden; however, the Ninth Circuit has interpreted the rule to justify sanctions 'when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent with existing law.'" (citing *Legal Voice*, 738 F.3d at 1185, *Mount Hope Church*, 705 F.3d at 428, and *Mattel*, 353 F.3d at 814)).

The Ninth Circuit has emphasized that Rule 45 "sanctions should not result from normal advocacy." *Mount Hope Church*, 705 F.3d at 426, 429-30 ("The scope of permissible sanctions under Rule 45[d](1) should not be so broad as to chill or deter the vigorous advocacy on which our civil justice system depends."); *Legal Voice*, 738 F.3d at 1185 ("Merely losing a motion to compel does not expose a party to Rule 45 sanctions." (citing *Mount Hope Church*, 705 F.3d at 425-27)); *see also United States v. Rico*, 619 F. App'x 595, 601 (9th Cir. 2015) ("Not every overbroad subpoena is an occasion for sanctions; we have said that in general, 'sanctions should be reserved for the 'rare and exceptional case.'") (citations omitted).

The Ninth Circuit has also clarified that "undue burden" is "the burden associated with compliance." *Mount Hope Church*, 705 F.3d at 427 (citing *Mattel*, 353 F.3d at 813-14). "[T]he burdens of complying with the subpoena are the ones that count." *Id.* at 428.

## II.    ANALYSIS

Movants request Rule 45 sanctions on the ground that Plaintiffs' subpoena imposed an undue burden on Lane Powell. (*See* Defs.' Mot. Quash at 4; Defs.' Reply at 6, ECF No. 296.) In their motion to quash, Movants argued that the subpoena did not allow a reasonable time for

Lane Powell to comply, required disclosure of privileged information, and subjected Lane

Powell to an undue burden because its billing records are not relevant to Plaintiffs' pending fee

motion. (Defs.' Mot. Quash at 2-4.) Notably, Movants did not allege that Plaintiffs served the

subpoena in bad faith or for an improper purpose. Consistent with the Ninth Circuit's opinions in

*Mount Hope Church* and *Legal Voice*, the Court finds that Rule 45 sanctions are not warranted

here.

      Plaintiffs' subpoena to Lane Powell requested "[a]ny and all documents and

electronically stored information containing statements, bills, or other indication of attorney fees

or costs charged to and/or paid by defendants in [this case]." (Decl. Ian T. Maher, Ex. 1 at 4,

ECF No. 293-1.) The subpoena, dated September 25, 2023, commanded production of the

records by September 28, 2023, at noon. (*Id.* at 2.)

      First, the Court agrees with Movants that three days was an unreasonable time to comply

with the subpoena. *See* FED. R. CIV. P. 45(d)(3)(A)(i) (requiring that courts quash a subpoena

that "fails to allow a reasonable time to comply"); *Finn v. City of Boulder City*, No. 2:14-cv-

01835-JAD-GWF, 2017 WL 11682320, at *4 (D. Nev. Dec. 20, 2017) (finding that six days to

comply with a subpoena was unreasonable). However, Plaintiffs' counsel took reasonable steps

to avoid imposing an undue burden on Lane Powell by offering to extend the deadline to comply.

(*See* Decl. Jon M. Egan, Ex. A at 1-3, ECF No. 295, "Counsel, How much additional time would

you need? I would be amenable to a motion to (a) extend the time for you to respond to the

subpoena and (b) extend the time for my replies on the cost bill and fee motion to a week after I

receive the records (and/or the resolution of any cross-motions to quash and compel, if no

documents end up being ordered to be produced)."). Thus, sanctions are not appropriate on the

ground that the original return date was unreasonable or inconsistent with the rules. *Cf. Evox*

*Prods., LLC v. Yahoo, Inc.*, No. 2:20-cv-02907-MEMF-SSC, 2023 WL 6192716, at *4 (C.D. Cal. Aug. 8, 2023) ("The Court declines to award costs or fees to Defendant. Plaintiff did not act carelessly or in bad faith in issuing the subpoena [and] Plaintiff narrowly tailored its subpoena request after conferring with Defendant[.]").

Second, the Ninth Circuit and district courts have consistently declined to award Rule 45 sanctions—in the absence of bad faith—on the grounds that the subpoena sought privileged or marginally relevant records. *See, e.g.*, *Legal Voice*, 738 F.3d at 1185 ("[W]hile failure narrowly to tailor a subpoena may be a ground for sanctions, the district court need not impose sanctions every time it finds a subpoena overbroad; such overbreadth may sometimes result from normal advocacy, which we have said should not give rise to sanctions." (citing *Mount Hope Church*, 705 F.3d at 426)); *Mount Hope Church*, 705 F.3d at 427 (rejecting the appellees' suggestion that Rule 45(d)(1)'s "undue burden" language "includ[es] the burdens associated with guarding protected information" and holding that "[i]t would not be correct in law to say that there is undue burden every time a subpoena calls for privileged information"); *OSRX, Inc. v. Hyman Phelps & Macnamara, P.C.*, No. 23-cv-1131-BAS-DDL, 2023 WL 8473762, at *5 (S.D. Cal. Dec. 7, 2023) ("The Court need not impose sanctions every time it denies a motion to compel or finds a subpoena overbroad given that it 'may sometimes result from normal advocacy, which [ ] should not give rise to sanctions.'" (quoting *Legal Voice*, 738 F.3d at 1185)); *Bd. of Trustees of S. Nev. Joint Mgmt. & Culinary & Bartenders Training Fund v. Fava*, No. 2:18-cv-00036-JCM-DJA, 2019 WL 11093817, at *3 (D. Nev. Oct. 31, 2019) ("Here, the Rule 45 subpoena is broad in that it requests five and a half years of Defendant's bank records, which does not indicate an attempt has been made to tailor the request proportionally to the needs of the case. Further, in light of the Court's finding of the lack of relevance of the records, the subpoena is also not

justified in this matter. . . . However, the Court does not find that Plaintiff acted in bad faith in issuing the subpoena and will decline to award sanctions at this time."); *Katz v. Steyn*, No. 2:18-cv-00997-JAD-GWF, 2019 WL 13211069, at *2 (D. Nev. June 27, 2019) ("Although not proportional to the needs of the case, the Court finds that Plaintiff's subpoena to [the non-party] was not issued in bad faith and does not warrant an award of sanctions. The Court, therefore, denies [the non-party's] request for sanctions.").

Finally, "courts have interpreted Rule 45(d)(1) sanctions as applying primarily to reimburse a non-party's costs incurred in complying with a subpoena, not merely litigating a motion to quash." *Fujikura*, 2015 WL 5782351, at *8 (citing *Mount Hope Church*, 705 F.3d at 427). Here, the Court quashed the Lane Powell subpoena on an expedited basis before it was required to respond. Lane Powell does not seek fees or costs for complying with the subpoena, and "the Court declines [Movants'] invitation to award Rule 45 sanctions to reimburse [the] expenses associated with litigating the instant motion to quash." *Id.*

For the reasons discussed, the Court finds that the subpoena Plaintiffs served on Lane Powell did not exceed the bounds of normal advocacy, and denies Movants' request for sanctions. *See Mount Hope Church*, 705 F.3d at 429-30 ("Sanctions for issuing a subpoena are in no way supported merely because a party advocated a position in seeking discovery that lost in the end. The scope of permissible sanctions under Rule 45[d](1) should not be so broad as to chill or deter the vigorous advocacy on which our civil justice system depends. We reverse the sanctions imposed here, which we think would have the effect of chilling valuable advocacy."); *Issagholi v. McLaren Auto., Inc.*, No. 2:19-cv-07616-MCS-KK, 2021 WL 4352297, at *2 (C.D. Cal. July 9, 2021) ("[Rule 45] [s]anctions are more commonly issued 'when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent with existing law.'

None of these are present in this case. The Court therefore exercises it discretion and DENIES

Defendant's request for the Court to sanction Plaintiff." (citing *Legal Voice*, 738 F. 3d at 1185)).

## CONCLUSION

For these reasons, the Court DENIES Movants' request for Rule 45 sanctions.

DATED this 22nd day of December, 2023.

HON. STACIE F. BECKERMAN
United States Magistrate Judge